# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT HAUGHIE, #163707** | * |
| **Plaintiff** | * |
| v. | *    Case No.: 1:18-cv-03963-ELH |
| **WEXFORD HEALTH SOURCES, INC.,** *et al.* | * |
| **Defendants** | * |

## ANSWER

Defendant Wexford Health Sources, Inc. ("Wexford"), by and through its attorneys, Joseph B. Chazen, Gina M. Smith, Samuel T. Wolf, and Meyers, Rodbell & Rosenbaum, P.A., files this Answer and states:

1. Wexford admits the allegations of Paragraph 1 of the complaint.

2. Wexford denies the allegations of Paragraph 2 as written.

3. Wexford denies the allegations of Paragraph 3.

4. Wexford denies the allegations of Paragraph 4.

5. Wexford admits that on December 24, 2015, Haughie was diagnosed with a brain mass by non-Wexford medical providers outside the prison.

6. Wexford denies the allegations of Paragraph 6.

### "Jurisdiction and Venue"

7. Paragraph 7 contains no factual allegations and requires no response.

8. Paragraph 8 contains no factual allegations and requires no response.

9. Wexford admits that the events alleged in the complaint are alleged to have occurred in Maryland. Wexford denies any remaining allegation in Paragraph 9.

## "Parties"

10. Wexford admits that Haughie is incarcerated. Wexford denies that Haughie was a "detainee" at any time relevant to this action. Wexford denies that Haughie was incarcerated at JCI at any time relevant to this action. Wexford denies that JCI has any legal existence as an entity, and since JCI does not exist as an entity, Wexford denies that JCI owed Haughie any duty.

11. Wexford admits that DPSCS is a Maryland state agency. Wexford admits that DPSCS is ultimately responsible for the provision of health care to the inmates incarcerated in DPSCS facilities. Wexford admits that DPSCS creates the policies governing the provision of health care to Maryland inmates. Wexford denies all remaining allegations of Paragraph 11.

12. Wexford denies that it is currently under contract with the State of Maryland to provide medical services to DPSCS inmates. Wexford denies that it was ever "hired by DPSCS." Wexford admits under a former contract, it was to provide certain medical care services to Maryland inmates. Admits that it was contracted to provide primary care to Haughie at the times relevant to this action. Wexford denies all remaining allegations of Paragraph 12.

13. Wexford denies that it has any current contract with the State of Maryland. Wexford admits that under its former agreement with the State of Maryland, Wexford was responsible to provide primary care to inmates, including those who had brain tumors. Wexford denies all remaining factual allegations of Paragraph 13.

14. Wexford denies that it ever had a contract with JCI or DPSCS. Wexford admits that it provided health care to inmates at JCI. Wexford denies that Haughie was an inmate at JCI. Wexford admits that it provided health care to Haughie at the prison facilities where Haughie was incarcerated. Wexford denies all remaining factual allegations of Paragraph 14.

15. Wexford denies the allegations of Paragraph 15.

16. Wexford admits that Melaku Ayalew, M.D. is a physician who provided care for Haughie. Wexford admits that Dr. Ayalew was, at the time, Wexford's employee, and that he was acting within the scope of his employment during his medical encounters with Haughie. Wexford denies all remaining allegations of Paragraph 16.

17. Wexford admits that Hiruy Bishaw, M.D. was a physician who provided care for Haughie. Wexford admits that Dr. Bishaw was, at the time, Wexford's employee, and that he was acting within the scope of his employment during his medical encounters with Haughie. Wexford denies all remaining allegations of Paragraph 17.

18. Wexford admits that Yonas Sisasy, M.D., was a physician who provided care for Haughie. Wexford admits that Dr. Sisay was, at the time, Wexford's employee, and that he was acting within the scope of his employment during his medical encounters with Haughie. Wexford denies all remaining allegations of Paragraph 18.

19. Wexford is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19.

20. Wexford is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20.

21. Wexford is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21.

22. Wexford is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. Wexford denies the allegations of Paragraph 23.

24. Wexford is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. Wexford is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26. Wexford admits that Mary Rockefeller, NP was a nurse practitioner who provided care to Haughie. Wexford admits that Rockefeller was, at the time, Wexford's employee, and that she was acting within the scope of her employment during her medical encounters with Haughie. Wexford denies all remaining allegations of Paragraph 17.

27. Wexford denies the allegations of Paragraph 27.

28. Wexford denies the allegations of Paragraph 28.

29. Paragraph 29 does not allege any fact and requires no response.

30. Wexford denies the allegations of Paragraph 30.

## "Facts"

31. Wexford denies the allegations of Paragraph 31.

32. Wexford is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33. Wexford is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34. Wexford is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35. Wexford is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36. Wexford admits that Dr. Sisay recorded on December 2, 2015 that Haughie complained of dizziness. Wexford denies that Dr. Sisay recorded at that time that Haughie had a

headache. Wexford denies that Haughie complained of a headache at that time. Wexford denies the remaining allegations of Paragraph 36.

37. Wexford admits that on December 3, 2015, Dr. Sisay renewed orders for Neurontin and Fioricet. Wexford denies all remaining allegations of Paragraph 37.

38. Wexford denies the allegations of Paragraph 38.

39. Wexford admits that Haughie saw Rockefeller on December 14, 2015. Wexford denies all remaining allegations of Paragraph 39.

40. Wexford denies the allegations of Paragraph 40.

41. Wexford denies the allegations of Paragraph 41.

42. Wexford admits that Haughie saw Rockefeller on December 22, 2015, at which time Haughie told Rockefeller that he had not eaten in two days, was dizzy, could not walk far, and had a headache since November 11, 2015. Wexford admits that Rockefeller recorded that Haughie appeared tired. Wexford denies all remaining allegations of Paragraph 42.

43. Wexford denies the allegations of Paragraph 43.

44. Wexford denies the allegations of Paragraph 44.

45. Wexford denies the allegations of Paragraph 45.

46. Wexford is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47. Wexford denies the allegations of Paragraph 47.

48. Wexford denies the allegations of Paragraph 48.

49. Wexford admits that Haughie saw Dr. Ayalew on December 23, 2015. Wexford denies all remaining allegations of Paragraph 49.

50. Wexford admits that Haughie saw Dr. Bishaw on December 24, 2015. Wexford denies all remaining allegations of Paragraph 50.

51. Wexford denies the allegations of Paragraph 51.

52. Wexford admits that Haughie reported a headache and dizziness on December 24, 2015. Wexford denies all remaining allegations of Paragraph 52.

53. Wexford admits that Haughie was transported by ambulance to Baltimore Washington Medical Center ("BWMC") and then to Johns Hopkins Hospital ("JHH"). Wexford is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 53.

54. Wexford admits that Haughie had a benign brain tumor removed at JHH on December 28, 2015. Wexford denies the remaining allegations of Paragraph 54.

55. Wexford denies the allegations of Paragraph 55.

56. Wexford denies the allegations of Paragraph 56.

57. Wexford denies the allegations of Paragraph 57.

## "First Cause of Action – 42 U.S.C. § 1983 – Against All Defendants"

58. Paragraph 58 does not allege any fact and requires no response.

59. Wexford denies the allegations of Paragraph 59 as written, specifically that *all* brain tumors "are serious medical needs with substantial risks of severe and serious medical injury if left untreated."

60. Paragraph 60 does not allege any fact, states only a legal conclusion, and requires no response.

61. Paragraph 61 does not allege any fact, states only a legal conclusion, and requires no response.

62. Wexford denies the allegations of Paragraph 62.

63. Wexford denies the allegations of Paragraph 63.

64. Wexford denies the allegations of Paragraph 64.

65. Wexford denies the allegations of Paragraph 65.

66. Wexford denies the allegations of Paragraph 66.

67. Wexford denies the allegations of Paragraph 67.

68. Wexford denies the allegations to Paragraph 68.

69. Wexford denies the allegations of Paragraph 69.

70. Wexford denies the allegations of Paragraph 70.

71. Wexford denies the allegations of Paragraph 71.

72. Wexford denies the allegations of Paragraph 72.

73. Wexford denies the allegations of Paragraph 73.

74. Wexford denies the allegations of Paragraph 74.

75. Wexford denies the allegations of Paragraph 75.

76. Wexford denies the allegations of Paragraph 76.

**"Second Cause of Action – Violation of 42 U.S.C. § 1983 – Against Wexford and DPSCS"**

77. Paragraph 77 does not allege any fact and requires no response.

78. Wexford denies the allegations of Paragraph 78.

79. Wexford denies the allegations of Paragraph 79.

80. Wexford denies the allegations of Paragraph 80.

81. Wexford denies the allegations of Paragraph 81.

82. Wexford denies the allegations of Paragraph 82.

83. Wexford denies the allegations of Paragraph 83.

84. Wexford denies the allegations of Paragraph 84.

85. Wexford denies the allegations of Paragraph 85.

86. Wexford denies the allegations of Paragraph 86.

87. Wexford denies the allegations of Paragraph 87.

88. Wexford denies the allegations of Paragraph 88.

89. Wexford denies the allegations of Paragraph 89.

90. Wexford denies the allegations of Paragraph 90.

91. Wexford denies the allegations of Paragraph 91.

**"Third Claim for Relief – Deprivation of Rights Stated by Article 24 and 25 of the Maryland Declaration of Rights – Against All Defendants"**

92. Paragraph 92 does not allege any fact and requires no response.

93. Wexford denies the allegations of Paragraph 93.

94. Wexford denies the allegations of Paragraph 94.

95. Wexford denies the allegations of Paragraph 95.

96. Wexford denies the allegations of Paragraph 96.

**"Fourth Claim for Relief – Intentional Infliction of Emotional Distress – Against All Defendants"**

97. Paragraph 97 does not allege any fact and requires no response.

98. Wexford denies the allegations of Paragraph 98.

99. Wexford denies the allegations of Paragraph 99.

100. Wexford denies the allegations of Paragraph 100.

101. Wexford denies the allegations of Paragraph 101.

102. Wexford denies the allegations of Paragraph 102.

103. Wexford denies the allegations of Paragraph 103.

### "Fifth Claim for Relief – Respondeat Superior – Against Wexford and DPSCS"

104. Paragraph 104 does not allege any fact and requires no response.

105. Wexford denies the allegations of Paragraph 105.

106. Paragraph 106 does not allege any fact, states only a legal conclusion, and requires no response.

### "Sixth Claim for Relief – Indemnification – Against Wexford and DPSCS"

107. Wexford denies the allegations of Paragraph 107.

108. Paragraph 108 does not allege any fact, states only a legal conclusion and requires no response.

109. Wexford denies the allegations of paragraph 109.

110. Paragraph 110 states only a conclusion of law, does not allege any fact, and requires no response.

111. Wexford denies the allegations of Paragraph 111.

### General Denial

112. To the extent any factual allegation of the complaint remains unanswered, it is denied.

### First Defense

113. The complaint fails to state a claim upon which relief can be granted for any cause of action asserted therein.

### Second Defense

114. Haughie's claim is barred by the statute of limitations.

### Third Defense

115. Haughie's claim is barred by waiver.

### Fourth Defense

116. Haughie's claim is barred by release.

### Fifth Defense

117. Haughie's claim is barred by assumption of risk.

### Sixth Defense

118. Haughie's claim is barred by contributory negligence.

### Seventh Defense

119. Haughie's injuries and/or damages, if any, are the result of acts or omissions of others for whom Wexford cannot be held liable.

### Eighth Defense

120. Haughie's injuries and/or damages, if any, are the result of acts of nature, conditions, or disease processes for which Wexford cannot be held liable.

### Ninth Defense

121. All medical care rendered to Haughie was within the standard of care.

### Tenth Defense

122. All non-economic damages claimed under Maryland law are subject to the cap specified in Md. Cts. & Jud. Proc. Code Ann. § 3-2A-09.

### Eleventh Defense

123. Haughie's claim is barred by res judicata.

### Twelfth Defense

124. Haughie's claim is barred by collateral estoppel.

### Thirteenth Defense

125. Wexford has provided Haughie with constitutionally adequate medical care.

### Fourteenth Defense

126. Wexford denies that it is responsible for any policies of the Department of Public Safety and Correctional Services.

### Fifteenth Defense

127. Haughie has failed to comply with the conditions precedent required to bring and maintain his Maryland state-law claims for medical injury under the Maryland Health Care Malpractice Claims Act, Md. Cts. & Jud. Proc. Code Ann. § 3-2A-01, *et seq.*

**WHEREFORE**, Defendant Wexford Health Sources, Inc. requests that the Court:

(a) Dismiss the complaint and all claims therein with prejudice;

(b) Enter judgment in Wexford's favor;

(c) Award Wexford its costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

(d) Award Wexford such further relief as the Court deems just and proper.

Respectfully submitted,

**MEYERS, RODBELL & ROSENBAUM, P.A.**

/s/ Joseph B. Chazen
Joseph B. Chazen, #03154
jchazen@mrrlaw.net

/s/ Gina M. Smith
Gina M. Smith, #22425
gsmith@mrrlaw.net

/s/ Samuel T. Wolf
Samuel T. Wolf, #17533
swolf@mrrlaw.net
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737
(301) 699-5800

(301) 779-5746 Facsimile
*Attorneys for Wexford Health Sources, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 5th day of February 2019, this answer was filed and served on counsel for all parties using the Court's ECF system.

/s/ Samuel T. Wolf
Samuel T. Wolf