IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT HAUGHIE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. ELH-18-3963 |
| | ) |
| WEXFORD HEALTH SOURCES, INC., et al. | ) |
| | ) |
| | ) |
|     Defendants. | ) |

**MOTION FOR LEAVE TO LATE FILE**

Pursuant to Fed. R. Civ. P. 6(b), Plaintiff Robert Haughie, respectfully submits this memorandum in support of Plaintiff's request to leave to late file Plaintiff's Response To Department Of Public Safety And Correctional Services' Motion To Dismiss. Plaintiff submits the following:

1. Defendant's filed a motion to dismiss on April 15, 2019.

2. Plaintiff's response was due April 29, 2019.

3. Rule 6 of the Federal Rules of Civil Procedure states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time ... [] on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6.

4. In determining whether a party's neglect is "excusable," courts consider "the danger of prejudice to [other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in

good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 385, 113 S. Ct. 1489, 1493, 123 L. Ed. 2d 74 (1993).

5. "The word [excusable neglect] therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. . . Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. Pioneer Inv. Servs. Co., 507 U.S. at 388.

6. In this case, undersigned counsel attempted to file Plaintiff's Response To Department Of Public Safety And Correctional Services' Motion To Dismiss on the due date of April 29, 2019. Thus, undersigned counsel acted in "good faith." Pioneer Inv. Servs. Co., 507 U.S. at 385.

7. Undersigned counsel was unable to login into his electronic filing account because he did not have the correct password.

8. Undersigned counsel was in fact entering his password for his general Public Access Electronic Record ("PACER") account but could not E-File from the account.

9. Undersigned counsel realized the error and received the correct password for electronic filing account today, May 1, 2019. Thus, the "length of delay" was two days.

10. Given the short delay, Defendants do not experience prejudice nor does Plaintiff's response "potentia[lly] impact" the judicial proceedings. Pioneer Inv. Servs. Co., 507 U.S. at 385, (1993).

11. Weighing all the factors established in <u>Pioneer Inv. Servs. Co.</u>, 507 U.S. at 385, (1993), Plaintiff respectfully request this Honorable Court provide Plaintiff with leave to file Plaintiff's Response To Department Of Public Safety And Correctional Services' Motion To Dismiss.

**Wherefore,** Plaintiff requests leave to late file Plaintiff's Response To Department Of Public Safety And Correctional Services' Motion To Dismiss.

    Respectfully submitted,

      /s/ Fareed Hayat /s/
    Fareed Nassor Hayat, Esq.
    THE PEOPLE'S LAW FIRM, LLC
    200 E. Lexington St., Ste 1111
    Baltimore, MD 21202
    Fareed.hayat@
    thepeopleslawfirm.net