IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROBERT HAUGHIE, #163707** | * | |
| **Plaintiff** | * | |
| v. | * | Case No.: 1:18-cv-03963-ELH |
| **WEXFORD HEALTH SOURCES, INC.,** *et al.* | * | |
| **Defendants** | * | |

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Wexford Health Sources, Inc., by and through its attorneys, Joseph B. Chazen, Gina M. Smith, Samuel T. Wolf, and Meyers, Rodbell & Rosenbaum, P.A., files this Memorandum in Support of its Motion for Judgment on the Pleadings and states:

**I.   FACTS ALLEGED IN THE COMPLAINT**

Wexford adopts by reference Section I of the Individual Medical Defendants' Memorandum in Support of their Motion to Dismiss, found at pages 1-5 of ECF 17-1.

**II.   STANDARD OF REVIEW**

"A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). Just like a motion to dismiss, a motion for judgment on the pleadings asserting the defense of failure to state a claim "tests the legal sufficiency of the complaint." *Birmingham v. PNC Bank, N.A.*, 846 F.3d 88, 92 (4th Cir. 2017). The Court should dismiss an action if the complaint does not "state[] a plausible claim for relief." *Id.* (citations omitted). A complaint "must contain sufficient factual allegations, taken as true, 'to raise a right to relief above the speculative level' and 'nudge [the] claims across the line from conceivable to plausible.'" *Id.* (alteration in

original, citations omitted). This "facial plausibility standard requires pleading of 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citations omitted). A plaintiff must "demonstrate more than a sheer possibility that a defendant has acted unlawfully," and "a complaint is insufficient if it relies upon naked assertions and unadorned conclusory allegations devoid of factual enhancement." *Id.* (internal quotation marks and citation omitted).

### III.   ARGUMENT

The Court should dismiss Haughie's action as to Wexford for failure to state a claim. Count 1 fails to state a claim against Wexford under 42 U.S.C. § 1983 because: (1) *respondeat superior* is not a basis for liability under § 1983; and (2) Williams does not allege facts to support a claim for either supervisory or co-conspirator liability. Count 2 fails to state a *Monell* claim against Wexford under 42 U.S.C. § 1983 because Haughie does not plead facts to show that any person deprived him of a federally protected right based on any policy, practice, or custom of Wexford. Count 3 fails to state a claim under the Maryland Declaration of Rights because the Maryland Constitution imposes no obligation on private entities and cannot form the basis for a private entity's liability to an individual. Court 4 fails to state a claim for intentional infliction of emotional distress under Maryland law because Haughie does not allege that any Wexford employee engaged in the type of extreme or outrageous conduct required by the tort or that Haughie suffered the requisite severely disabling emotional response. Count 6 fails to state a claim against Wexford because Haughie does not allege a legal or contractual basis to require Wexford to indemnify anyone. Finally, Haughie does not allege a factual basis to support his demand for punitive damages.

### A.     Count 1 fails to state a claim against Wexford under 42 U.S.C. § 1983

Count 1 must be dismissed because Haughie fails to state a claim against Wexford under any of the three asserted theories of liability under 42 U.S.C. § 1983.

First, Haughie fails to state a claim for liability under a theory of *respondeat superior*. That theory simply does not apply to any claim under § 1983. *Monell*, 436 U.S. at 690-92. *See also Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1983) (holding that *Monell* applies equally to the liability of private corporations acting under color of state law). Wexford could not be held liable for merely employing persons alleged to have violated Haughie's constitutional rights.

Second, Haughie fails to state a claim for supervisory liability against Wexford or anyone else. A claim for supervisory liability under 42 U.S.C. § 1983 requires a plaintiff to allege three elements:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge is so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practice; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks and citations omitted). Haughie's complaint asserts in conclusory fashion that "each of the Defendants to this claim acted pursuant to the specific directions of supervisory personnel," that these unidentified "supervisory personnel had actual or constructive knowledge" that the denial of care posed an unreasonable risk to Haughie, and that "each of these supervisors' response . . . was inadequate' and 'were contributory causes to [Haughie's] injuries." ECF 1 a ¶¶ 66-69. The complaint does nothing more than invoke the jargon of a supervisory liability. Haughie's pleading is completely devoid of even

a single factual allegation against Wexford or any other person. This is nothing more than a "threadbare recital[] of [the] elements" of a supervisory liability claim, and as such it fails to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] Parroting the elements of a claim is insufficient to survive a dispositive motion, and "the doors of discovery" do not unlock "for a plaintiff"—like Haughie—"armed with nothing more than conclusions. *Id.* at 678-79.

Third, Count 1 does not allege a claim for co-conspirator liability against Wexford. Similar to his paltry attempt to assert a claim for supervisory liability, Haughie does not allege any facts upon which he could base a claim for co-conspirator liability. "Allegations of parallel conduct and a bare assertion of a conspiracy are not enough for a claim to proceed." *Thomas v. The Salvation Army Southern Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks and citations omitted). Instead, to plead a conspiracy claim under § 1983, a plaintiff must allege facts showing that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the deprivation of a constitutional right." *Penley v. McDowell County Bd. of Educ.*, 876 F.3d 646, 658 (4th Cir. 2017). Setting aside the basic, dispositive principle that a corporation cannot conspire with its own agents,[2] Haughie otherwise fails to allege any facts and his complaint does not show a plausible entitlement to relief; instead, he merely parrots civil conspiracy terminology and recites the elements of a civil conspiracy claim.[3] That is insufficient, and Haughie fails to state a civil conspiracy claim against any Individual Medical Defendant.

---

[1] Should Haughie have the audacity to argue that there is even a single allegation of fact in the four paragraphs cited from his complaint, the Court need only look to the complaint Haughie's counsel filed in a different case, *Williams v. Wexford Health Sources, Inc.*, No. 1:19-cv-00033-CCB at ECF 1, ¶¶ 105-108, to see that these are cookie-cutter assertions copied from one complaint to another without any alteration.

[2] *Buschi v. Kirven*, 775 F.2d 1240, 1251 (4th Cir. 1985).

[3] The complaint baldly asserts, without any factual enhancement:

**B.     Count 2 fails to state a *Monell* claim against Wexford**

Because *respondeat superior* has no application in a § 1983 claim, Wexford can be held liable for its employees' alleged deliberate indifference to Haughie's medical needs only if the employees' conduct was caused by Wexford's policies or customs. *Monell*, *supra*, 436 U.S. at 690-92.

Count 2 of Haughie's complaint fails to state a claim because Haughie does not factually allege the existence of any policy or custom of Wexford's, nor does he allege how any such policy or custom proximately caused either the deprivation of any of his federally protected rights or any injury. Instead, Haughie merely tosses circularly-reasoned, conclusory jargon into paragraphs 78-91 of his complaint. While Haughie bandies about the vocabulary used in discussing the elements of a *Monell* claim, he never alleges any fact to show the existence of any identifiable policy, practice, or custom. Haughie never alleges any fact about how any patient was treated other than

---

> 70.    In addition, Defendants reached an agreement among themselves and others known and unknown to deprive Plaintiff of his constitutional rights by denying him medical care for an objectively serious medical need and to protect one another from liability for depriving Plaintiff of his rights.
>
> 71.    In furtherance of this conspiracy, each of the co-conspirators committed overt acts with full subjective knowledge of the consequences to Plaintiff's medical health and was otherwise a willful participant in joint activity.
>
> 72.    Moreover, as described fully above, Defendants each had a reasonable opportunity to prevent the violation of Plaintiff's rights at issue in this Complaint had they been so inclined, but they each failed to do so.

ECF 1 at ¶¶ 70-72. Highlighting that these are not factual allegations but mere recitations of the elements of a civil conspiracy claim, these paragraphs 100% identical to three paragraphs in another complaint Haughie's counsel filed recently against prison medical providers, involving entirely different parties, circumstances, and medical conditions. *See Robert Williams v. Wexford Health Sources, Inc.,* Case No. 1:19-cv-00033-CCB, ECF 1 at ¶¶ 109-111.

himself. Count 2 does not contain any factual allegation that could elevate Haughie's bald assertion of *Monell* liability from the purely speculative to the level of plausibility. The Court should dismiss Count 2 for failure to state a claim.

### C.    Count 3 fails to state a claim under the Maryland Declaration of Rights

Wexford adopts by reference the arguments made by the Individual Medical Defendants in support of their motion to dismiss with regard to Count 3, found at pages 11-13 of ECF 17-1. Those same arguments apply with equal force here. As a private entity, Wexford cannot be held liable under the Maryland Constitution. Even if Wexford could be held liable generally under the Maryland Constitution, Articles 16, 24, and 25 specifically cannot be interpreted to impose obligations on Wexford or to form a basis for liability against Wexford.

### D.    Count 4 fails to state a claim for intentional infliction of emotional distress

Wexford adopts by reference the arguments made by the Individual Medical Defendants in support of their motion to dismiss with regard to Count 4, found at pages 13-15 of ECF 17-1. Because Wexford's liability is premised only on a theory of *respondeat superior*, Haughie's failure to state a claim against the individuals is a failure to state a claim against their alleged employer.

### E.    Count 6 fails to state a clam for indemnification

In Count 6 of his complaint, Haughie seeks to impose liability against Wexford under some theory of indemnification. He fails to state a claim, however, because Haughie has no conceivable right to be indemnified by Wexford. He had not contract with Wexford. There is no federal or State common-law basis for Wexford to indemnify Haughie. Nor is there any basis for Haughie to claim that Wexford must indemnify anyone else; and even if there were, such a right would not be enforceable by Haughie.

### F. Haughie does not allege a factual basis to support his demand for punitive damages

For the reasons stated by the Individual Medical Defendants at pages 17-18 of ECF 17-1, which Wexford adopts by reference, the Court should dismiss Haughie's demand for an award of punitive damages. Haughie does not allege a factual basis to support a demand for punitive damages.

### G. Count 5 does not state a separate claim for *respondeat superior* liability

In Count 5, Haughie simply asserts that Wexford should be held liable under a theory of *respondeat superior* for Haughie's State-law clams against the Individual Medical Defendants. Count 5 is merely redundant of Counts 3 and 4, since Wexford is already named a party to those Counts. As such, Count 5 requires no separate argument, but should be dismissed as being unnecessarily duplicative.

## IV.   CONCLUSION

The Court should dismiss Haughie's action against Wexford Health Sources, Inc., with prejudice and without leave to amend.

Respectfully submitted,

**MEYERS, RODBELL & ROSENBAUM, P.A.**

/s/ Joseph B. Chazen
Joseph B. Chazen, #03154
jchazen@mrrlaw.net

/s/ Gina M. Smith
Gina M. Smith, #22425
gsmith@mrrlaw.net

/s/ Samuel T. Wolf
Samuel T. Wolf, #17533
swolf@mrrlaw.net
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737

(301) 699-5800
(301) 779-5746 Facsimile
*Attorneys for Wexford Health Sources, Inc., Quinn Mallory, RN, Electa Awanga, RN, Michael Smith, NP, Melaku Ayalew, M.D., Yonas Sisay, M.D., Marian Peters, RN, Hiruy Bishaw, M.D., Newman Azubuike, RN, and Mary Rockefeller, NP*