IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT HAUGHIE,
    *Plaintiff*,

v.

WEXFORD HEALTH SOURCES, INC.,
    *Defendant.*

Civil No.: ELH-18-3963

**MEMORANDUM**

Plaintiff Robert Haughie, a State of Maryland prisoner, filed a civil rights action on December 21, 2018 (ECF 1), through counsel, against a host of defendants.[1] He alleges a violation of his federal and State constitutional rights in regard to the timeliness and adequacy of care for a brain tumor. In particular, Haughie sued the following defendants: Wexford Health Sources, Inc.; Q. Mallory, R.N.; Charles Williams III; Mary Rockefeller; Michael Smith; Marian Peters; Newman Azubuike; Electa Awanga; Melaku Ayalew; Yonas Sisay; Hiruy Bishaw; P. A. Emmanuel; Maryland Department of Public Safety and Correctional Services ("DPSCS" or the "Department"); and Doe Defendants 1-10.

This Memorandum concerns only the Department. As to DPSCS, in his First Cause Of Action, Haughie has asserted an Eighth Amendment claim under 42 U.S.C. § 1983, alleging deprivation of the right to medical care. In his Second Cause Of Action, he alleges a policy and practice of denial of medical care by the Department. The Third Claim For Relief alleges

---

[1] On September 25, 2019, plaintiff filed an amended complaint (ECF 30), although he did not seek leave of court to do so. Nor is it labeled as an amended complaint. The various defendants oppose the amendment. *See* ECF 31; ECF 32. Haughie has responded. *See* ECF 33; ECF 34. This Memorandum does not address the filing of the amended complaint.

violations of Article 24 and Article 25 of the Maryland Declaration of Rights. The Fourth Claim For Relief alleges Intentional Infliction of Emotional Distress. In the Fifth Claim For Relief, plaintiff asserts "Respondeat Superior" against DPSCS. And, in his Sixth Claim For Relief, plaintiff seeks "Indemnification" from DPSCS. He seeks compensatory and punitive damages.

The Department has moved to dismiss (ECF 12), supported by a memorandum (ECF 12-1) (collectively, the "Motion"). Plaintiff responded to the Motion (ECF 14), and the Department replied. ECF 16. DPSCS contends that it is immune from suit in federal court under the Eleventh Amendment.

## Discussion

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any Foreign State." The Eleventh Amendment did not create sovereign immunity. Rather, it preserved the sovereign immunity that the states enjoyed prior to the formation of the Union. *See Alden v. Maine*, 527 U.S. 706, 724 (1999); *see also Sossamon v. Texas*, 563 U.S. 277, 284 (2011).

The preeminent purpose of state sovereign immunity is "to accord states the dignity that is consistent with their status as sovereign entities[.]" *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002). Thus, states generally enjoy immunity from suits brought in federal court by their own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 3 (1890); *see also Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in federal court."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). In other words, under the Eleventh Amendment, a private individual is barred from bringing a suit against

a state in federal court to recover damages, unless the state consents or there is an exception to sovereign immunity. *See Coleman v. Court of Appeals of Md.*, 556 U.S. 30, 35 (2012) ("A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense."); *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247 (2011); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-55 (1996) ("For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States.") (internal quotation marks and citation omitted); *Edelman v. Jordan*, 415 U.S. 651 (1974).

In addition, absent waiver or a valid congressional abrogation of sovereign immunity, sovereign immunity also bars suit against an instrumentality of a state, sometimes referred to as an "arm of the state." *See Pennhurst*, 465 U.S. at 101-02 ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). The DPSCS is an arm of the state. *See* Md. Code (2017 Repl. Vol.) §§ 2-101, 3-201 of the Correctional Services Article ("C.S."); *see also Clarke v. Maryland Dep't of Pub. Safety and Corr. Servs.,* 316 Fed. App'x 279, 282 (4th. Cir. 2009) (stating "the Maryland Department of Public Safety and Correctional services is undoubtedly an arm of the state for purposes of §1983").

Moreover, claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity. This is because a suit against the state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).

The Fourth Circuit has noted three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state. In *Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244 (4th Cir. 2012), the Court said, *id.* at 249 (internal quotations omitted):

3

First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) . . . . Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) . . . . Third, a State remains free to waive its Eleventh Amendment immunity from suit in a federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002).

Neither the State of Maryland nor DPSCS has waived immunity in federal court for claims brought pursuant to § 1983. Nor do the exceptions outlined above apply here.

In his response (ECF 16), plaintiff expressly asserts: "Plaintiff does not contest DPSCS's assertion of sovereign immunity." *Id.* at 1. He adds that DPSCS "correctly points out that it is entitled to sovereign immunity from suit in federal court pursuant to the Eleventh Amendment, unless it consents." *Id.* Further, Haughie concedes that, given the Department's entitlement to sovereign immunity, "no further inquiry is necessary." *Id.* at 2. And, he concludes, *id.* at 4: "Plaintiff does not contest the DPSCS's entitlement to sovereign immunity, and notes that the proper procedure is for this Court to dismiss Plaintiff's claims against it for lack of jurisdiction."

Therefore, I shall dismiss all claims against DPSCS, based on sovereign immunity.

An Order follows.

Date: December 2, 2019
/s/
Ellen L. Hollander
United States District Judge